

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>KIMBERLY R.KELLEY,<br><br>Debtor and<br><br>Debtor-in-Possession | Case No. 12-02066<br><br>(Chapter 11)<br><br><u>Confirmation Hearing</u><br>Date: November 12, 2013<br>Time: 9:30 a.m.<br>Judge: Hon. Robert J. Faris |

<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT
OF ORDER CONFIRMING DEBTOR'S FIRST AMENDED
PLAN OF REORGANIZATION DATED AS OF OCTOBER 2, 2013</u>

The hearing on confirming ("Confirmation Hearing") of the Debtor's First Amended Plan of Reorganization Dated as of October 2, 2013 ("Plan")[1], was held on November 12, 2013, at 9:30 a.m., before the Honorable Robert J. Faris, United States Bankruptcy Judge for the District of Hawaii. Appearances were as noted in

---

1 Capitalized terms not herein defined shall have the meaning set forth in the Plan

1

the record. Having considered all of the pleadings filed in support and in opposition to confirmation, and based on the record in this case, the arguments and representations of counsel, Declaration of Kimberly R. Kelley in Support of Memorandum in Support of Confirmation of Plan of Reorganization, and good cause appearing, the court now makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1.  Kimberly R. Kelley ("Debtor") is the debtor and debtor-in-possession in Chapter 11 Case No. 11-03310, which was commenced by the filing of a voluntary petition on October 19, 2012 under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Hawaii.

**Approval of the Disclosure Statement, Solicitation:**

**Confirmation Hearing**

2.  On August 2, 2012, the Bankruptcy Court entered that certain *Order Approving Motion for Order Approving First Amended Disclosure Statement for First Amended Plan of Reorganization Dated as of October 2, 2013, Balloting Procedures and Scheduling Deadlines; Exhibits A-C* ("Solicitation Order") that, among other things, (a) approved the Disclosure Statement pursuant to Bankruptcy Code section 1125 and Federal Rule of Bankruptcy Procedure ("Rule") 3017, (b) established November 12, 2013, as the date for the Confirmation Hearing, (c)

2

approved the form and method of notice of the confirmation hearing ("Confirmation Hearing Notice"), (d) established procedures for soliciting and tabulating votes with respect to the Plan, and (e) established procedures governing the Confirmation Hearing.

3. In accordance with the Solicitation Order, the following items were transmitted: (a) the Disclosure Statement, (b) the Confirmation Hearing Notice (as defined in the Solicitation Order), and (c) with respect to those creditors in classes entitled to vote under the Plan and the Solicitation Order, a Ballot (as defined in the Solicitation Order). All of said documents were transmitted on or before October 7, 2013 to the appropriate parties. Such service was adequate and proper as provided by Bankruptcy Rule 3017(d), and no other or further notice is or shall be required.

4. On November 1, 2013, the Debtor filed the *Declaration of Allison A. Ito Regarding Tabulation of Ballots in Support of Confirmation of Debtor's First Amended Plan of Reorganization dated October 2, 2013*, attesting and certifying the method and results of the ballot tabulation for the Classes of Claims entitled to vote to accept or reject the Plan ("Ballot Tabulation"). *See* Docket # 130. Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order.

5. On November 5, 2013, the Debtor filed a *Confirmation Brief for Debtor's First Amended Chapter 11 Plan of Reorganization dated as of October 2, 2013*. *See* Docket #132.

6. On October 11, 2013, the Debtor filed a motion (the "Valuation Motion") to value the Residence at $575,000 and for purposes of Debtor's Plan, deem the value of the secured portion of the IRS Liens in amount of $0, and grant IRS an unsecured, priority tax claim in the amount of $6,973 (for 2010 income taxes), and a general unsecured claim for the balance of its claim (approximately $201,655 for 2008 income taxes). *See* Docket # 124. The Valuation Motion also seeks the avoidance of the IRS Lien upon the entry of a discharge in the Debtor's chapter 11 case. The IRS has not objected to the Valuation Motion. The Court granted the Valuation Motion at a hearing held concurrently with the Confirmation Hearing and hereby finds the value of the Residence to be $575,000 for purposes of the Plan.

7. This Bankruptcy Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Bankruptcy Court, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Case.

8. The Debtor has the burden of proving the elements of section 1129 of

the Bankruptcy Code by a preponderance of evidence, and has done so as set forth herein.

**Bankruptcy Code Requirements For Confirmation and Classification**

9. In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates six (6) Classes of Claims (inclusive or subclasses) and one Class of Equity Interests. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various classes of claims and Interests created under the Plan.

10. The Plan specifies that Class 1 is not impaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code. Said Class is deemed to have accepted the Plan because it is not impaired under the Plan.

11. The Plan designates that Classes 2, 3, 4, 5, and 6, are impaired and specifies the treatment of Claims in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

12. The interest of the existing equity holder of Debtor (Class 7) will be preserved under the Plan and Class 7 is deemed to have accepted the Plan.

13. Votes to accept and reject the Plan have been solicited from creditors holding Claims in Classes 2, 3, 4, 5, and 6. Such votes were solicited and tabulated

U.S. Bankruptcy Court - Hawaii    #12-02066    Dkt # 140    Filed 12/05/13    Page 5 of 17

fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and industry practices.

14. As set forth in the Ballot Tabulation, Class 2 voted to accept the Plan and Class 6 voted to reject the Plan.1129(a).

## Treatment of Secured Claims

15. The holders of Allowed Secured Claims in Classes 1, 2, and 3 will receive at least as much as they would receive in a case under chapter 7 with respect to those Secured Claims. The treatment of Class 1, 2, and 3 is fair and equitable and does not unfairly discriminate against said Classes. The holders of claims in Classes 1, 2 and 3 will retain their respective liens under the Plan and will receive deferred cash payments totaling at least the allowed amount of their respective claims as of the Effective Date of the Plan.

## Unsecured Claims

16. The holders of Allowed General Unsecured Claims will receive substantially more than they would receive in a case under chapter 7 liquidation, because if the assets of the Debtor were liquidated outright, there would not receive sufficient funds to make a full distribution to Class 4, 5, and 6. Under the Plan, Class 4 and 6 will receive approximately 10% of their allowed claims twenty (20) quarterly installments, beginning on the ninetieth day after the Effective Date. As a result, holders of Allowed Class 4 and 6 Claims will receive more under the

U.S. Bankruptcy Court - Hawaii   #12-02066   Dkt # 140   Filed 12/05/13   Page 6 of 17

Plan than they would receive if Debtor's case were converted to a case under chapter 7. Under the Plan, Class 5 will receive $6,973 treated as a priority tax claim; and Class 5 will receive approximately 10% of its allowed general unsecured claim in twenty (20) quarterly installments, beginning on the ninetieth day after the Effective Date. As a result, holders of Allowed Class 5 Claims will receive more under the Plan than they would receive if Debtor's case were converted to a case under chapter 7.

17. Class 7 will retain her Equity Interests under the Plan.

18. The Plan provides for the same treatment for each Claim or Equity Interests in each respective Class, unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

## Means of Implementation

19. The Plan provides adequate and proper means for the Plan's implementation.

20. The Debtor has demonstrated adequate assurance of future performance with respect to any assumed agreements and leases. No party to an executory contract has objected to the Plan or the assumption or assignment of any executory contract or lease.

21. The Debtor exercised sound and considered business judgment in the

U.S. Bankruptcy Court - Hawaii    #12-02066    Dkt # 140    Filed  12/05/13    Page 7 of 17

formulation of the Plan. The Debtor has demonstrated sound business purpose and justification for the Plan, pursuant to Bankruptcy Code section 363(b).

22. All fees payable under section 1930 of title 28, United States Code, as determined by the Bankruptcy Code, have been paid or will be paid pursuant to the Plan, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

## CONCLUSIONS OF LAW

### Jurisdiction and Venue

23. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

24. The Bankruptcy Court has jurisdiction over the Chapter 11 Case pursuant to sections 157 and 1334 of title 28 of the United States Code. Venue is proper pursuant to sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed and exclusive jurisdiction over all of the Debtor's assets.

### Confirmation Requirements

### Section 1129(a)(1)

25. The Plan complies with the applicable provisions of the Bankruptcy

8

U.S. Bankruptcy Court - Hawaii   #12-02066   Dkt # 140   Filed 12/05/13   Page 8 of 17

Code, thereby satisfying section 1129(a) of the Bankruptcy Code.

    (a) The Plan properly places substantially similar claims in each class and designated such classes of claims, thereby satisfying sections 1122 and 1123(a)(1) of the Bankruptcy Code;

    (b) The Plan specifies the treatment of each Class that is not impaired, thereby satisfying section 1123(a)(2);

    (c) The Plan specifies the treatment of each Class that is impaired, thereby satisfying section 1123(a)(3);

    (d) The Plan provides for the same treatment for each claim or interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying section 1123(a)(4);

    (e) The Plan provides for the adoption and implementation of all corporate actions necessary to implement the Plan and the execution of all documents and the implementation of all actions as required with respect to, and in accordance with the Plan provisions, thereby satisfying section 1123(a)(5);

    (f) Sections 1123(a)(6) and 1123(a)(7) do not apply to the Debtor;

    (g) The Plan provides for the payment of a portion of the Debtor's personal services income, thereby satisfying section 1123(a)(8);

    (h) The Plan's provisions are appropriate and not

9

U.S. Bankruptcy Court - Hawaii  #12-02066 Dkt # 140 Filed 12/05/13 Page 9 of 17

inconsistent with the applicable provisions of the Bankruptcy Code; and

(i) The Plan is dated and identifies the entities submitting it as proponents, thereby satisfying Bankruptcy Rule 3016(a).

## Section 1129(a)(2)

26. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

(a) The Debtor is a proper debtor under section 109 of the Bankruptcy Code;

(b) The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Bankruptcy Court; and

(c) The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

## Section 1129(a)(3)

27. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The good faith of the Debtor is evident from the facts and records of this Chapter 11 Case, the Disclosure Statement and the hearings thereon, and the record of the

10

Confirmation Hearing and other proceedings held in this Chapter 11 Case. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate and to effectuate a successful reorganization of the Debtor.

28. The injunctive provisions of the Plan and the Confirmation Order shall implement the Debtor's discharge when it is granted. Moreover, the Plan provides a mechanism for parties in this Chapter 11 Case to seek relief from the injunctions.

### Section 1129(a)(4)

29. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Debtor's Chapter 11 Case, or in connection with the Plan and incident to the Debtor's Chapter 11 Case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4).

### Section 1129(a)(5)

30. Section 1129(a)(5) of the Bankruptcy Code is not applicable to the Debtor because the Debtor is an individual.

### Section 1129(a)(6)

31. Section 1129(a)(6) of the Bankruptcy code is not applicable to the Debtor.

### Section 1129(a)(7)

11

32. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analyses provided in the Disclosure Statement (a) are persuasive and credible, (b) have not been controverted by other evidence, and (c) establish that each holder of a Claim in an impaired Class either has accepted the Plan or will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date, that is not less than the amount that holder would receive or retain if each Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

## Section 1129(a)(8)

33. Classes 1 and 7 are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Class 2 has voted to accept the Plan in accordance with sections 1126(e) and (d) of the Bankruptcy Code. However, because Class 6 has voted to reject the Plan, the Plan does not satisfy Section 1129(a)(8).

## Section 1129(a)(9)

34. The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

## Section 1129(a)(10)

35. At least one Class of Claims against Debtor that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the

12

Plan by an insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code. Class 2 satisfies this requirement.

### Section 1129(a)(11)

36. The evidence proffered, adduced, or presented prior to and at the Confirmation Hearing (a) is persuasive and credible, and (b) establishes that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

37. In order to satisfy Bankruptcy Code section 1129(a)(11), the Plan Proponents need not prove that there is an absolute certainty that the conditions to confirmation will be met. On the contrary, the plan proponent need only show that the Plan offers a reasonable assurance of success. The Plan has the requisite level of likelihood of success.

### Section 1129(a)(12)

38. All fees payable under section 1930 of title 28, United States Code, as determined by the Bankruptcy Court, have been paid or will be paid pursuant to the Plan, the terms of which are satisfactory to the Debtor and the United States Trustee, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

### Section 1129(a)(13)

13

39. Bankruptcy Code section 1129(a)(13), which requires a plan to provide for the continuation of payment of all "retiree benefits" (as defined in Bankruptcy Code § 1114(a)), is inapplicable in the instant case as the Debtor does not have any such obligations.

## Section 1129(b)

40. Even though the Plan does not satisfy Section 1129(a)(8), the Plan can be crammed down over the dissenting Class 6 because (a) the Plan does not discriminate unfairly and (b) in this jurisdiction, the "absolute priority rule" (codified in Section 1129(b)(2)(B)(ii)) does not apply to an individual debtor's chapter 11 case. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of each Rejecting Class.

## Other Matters

41. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933. No governmental agency with standing to raise an objection pursuant to Bankruptcy Code section 1129(d) has, in fact, raised any such objection. This is strong evidence that the principal purpose of the Plan is not tax avoidance.

42. All modifications to the Plan filed or announced prior to the conclusion of the Confirmation Hearing constitute technical changes and/or changes that have either been consented to by affected constituents or which do not

14

require additional disclosure under Bankruptcy Code sections 1125 or 1127(a), or re-solicitation of votes under Bankruptcy Code section 1126, nor do they require that holders of Claims or Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

43. Based on the record before the Bankruptcy Court in this Chapter 11 Case, the Debtor and his agents, representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

44. Article VII of the Plan governing the assumption and rejection of executory contracts and unexpired leases satisfies the requirements of sections 365 and 1123(b)(2) of the Bankruptcy Code, including the requirement that adequate assurance of future performance under the Assumed Executory Contracts will be provided.

45. The release and injunction provisions contained in the Plan are fair and equitable, are given for valuable consideration, were properly noticed to

holders of Claims and Interests and other interested parties in accordance with the requirements of due process and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and are in the best interests of the Debtor and his Chapter 11 Estate.

46. Each term and provision of the Plan is valid and enforceable pursuant to its terms.

47. The Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

48. The Debtor has satisfied the requirements of Bankruptcy Code section 365(b)(1) in connection with the assumption of the Assumed Executory Contracts. Each of the Assumed Executory Contracts is an executory contract or an unexpired lease of the Debtor under Bankruptcy Code section 365. All conditions for the assumption by the Debtor of each Assumed Executory Contract to which it is a party have been satisfied.

49. The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Article IX of the Plan and Bankruptcy Code Section 1142.

50. Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

END OF ORDER

U.S. Bankruptcy Court - Hawaii    #12-02066    Dkt # 140    Filed 12/05/13    Page 16 of 17

Submitted by:

WAGNER CHOI & VERBRUGGE
CHUCK C. CHOI
ALLISON A. ITO
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
cchoi@hibklaw.com
aito@hibklaw.com

Attorneys for KIMBERLY R.KELLEY,
Debtor and Debtor-in-Possession